IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JULIUS ROZELL BARNES,** Petitioner, By and Through **LILLIE ROSE HARRIS, Next Friend,** | : : : : : | CIVIL ACTION |
| v. | : : | |
| **UNITED STATES OF AMERICA, and LAUREN GRAYER, Holder of the Key,** | : : : : : | |
| Respondents. | : : | NO.  09-428-RK |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                         **JULY 1st, 2009**

Presently before the Court is a "Petition For Emergency Writ Of Habeas Corpus" ("Petition") filed by Lillie Rose Harris, "Next Friend/Petitioner's Relator" ("Harris"), on behalf of Petitioner Julius Rozell Barnes ("Petitioner").  Petitioner is currently incarcerated in the USP Atlanta located in Atlanta, Georgia.[1]  For the reasons set forth below, the Petition is summarily dismissed for lack of jurisdiction without a certificate of appealability.  See 28 U.S.C. § 2243; Rule 4, 28 U.S.C. foll. § 2255.

**I.     BACKGROUND**

Petitioner has been confined in the USP Atlanta since November 18, 2006.  (D.I. 1)  The Petition alleges that Respondent "is a corporation for profit" holding Petitioner "against his will,

---

[1]The Petition asserts that Petitioner is incarcerated in the Atlanta Federal Prison Camp. However, the federal inmate locator lists petitioner as being incarcerated in the USP Atlanta.

over his objection, and without his consent," because "no criminal action has been commenced by Respondent against Petitioner by the filing of an affidavit/complaint, [or] by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." Id. at pp. 1-2. Petitioner, by and through "next friend" Harris, contends that the Court can review the instant Petition because it has original jurisdiction over Delaware corporations, and he asks the Court to "command Respondent . . . to immediately discharge [him] from further detention." Id. at p. 3.

## II.    STANDARD OF REVIEW

A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. See 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). The proper respondent for a § 2255 motion is the United States of America. See Waksmunski ex rel. Korbe v. Mitchell, 2009 WL 499455 (W.D. Pa. Feb. 27, 2009). In turn, a federal prisoner challenging the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004); see United States v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement). The proper respondent for a § 2241 petition is the warden of the institution where the petitioner is incarcerated at the time of filing. Rumsfeld, 542 U.S. at 444-46.

Federal courts are required to liberally construe pro se filings. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas

petition "if it plainly appears from the face of the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b), 28 U.S.C. foll. § 2255; see also 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.") An "application for a writ of habeas corpus shall be in writing signed and verified, by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.

Before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue pursuant to Article III of the United States Constitution.[2] Whitmore v. Arkansas, 495 U.S. 149, 154 (1990); U.S. CONST. art. III, § 2. Although, as a general rule, one pro se litigant may not act as an attorney for another individual,[3] a person with "next friend" standing may prosecute a habeas petition on behalf of a prisoner. See generally Whitmore, 495 U.S. 149. A person establishes "next friend" standing by demonstrating that the prisoner "is unable, usually because of mental incompetence or inaccessibility, to seek relief himself," and that the "next friend" has some "significant

---

[2] Article III standing is a jurisdictional requirement, which a court is obligated to raise sua sponte. Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003); Desi's Pizza Inc. v. City of Wilkes-Barre, 321 F.3d 411, 420 (3d Cir. 2003).

[3] See 28 U.S.C. § 1654; Alexander v. New Jersey State Parole Bd., 160 Fed. Appx. 249, 250 n.1 (3d Cir. 2005)(non-precedential); Harris v. Philadelphia Police Dep't, 2006 WL 3025882 (E. D. Pa. Oct. 20, 2006.); In the Matter of Chojecki, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000)(citing United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("Although a non-attorney may appear in propria persona on his own behalf, that privilege is personal to him and he has no authority to appear as the attorney for anyone other than himself.").)

relationship" with the prisoner and is truly dedicated to best interests of the prisoner. Whitmore, 495 U.S. at 162-64. The burden of proving "next friend" status rests with the moving party. Id. at 163.

### III. DISCUSSION

Having reviewed the face of the Petition, the Court concludes that it lacks jurisdiction over the instant proceeding. To begin, although Harris filed the pending Petition as Petitioner's "next friend,"[4] her cursory statements fail to demonstrate that she qualifies for "next friend" standing under Whitmore. Harris' assertion that she is Petitioner's mother does not necessarily demonstrate that she is truly dedicated to the best interests of Petitioner. In turn, Harris' brief description regarding the conditions of Petitioner's incarceration also does not prove that Petitioner is unable to litigate his own case due to mental incapacity, lack of access to a court, or a similar disability. See, e.g., Barlow v. Farber, 2006 WL 842422, at *3 (D.N.J. Mar. 29, 2006).

Furthermore, to the extent the instant Petition challenges the legality of Petitioner's conviction and sentence under 28 U.S.C. § 2255, the Court does not have jurisdiction over this proceeding because the Court did not impose Petitioner's conviction and sentence. To the extent Petitioner is challenging the execution of his sentence pursuant to 28 U.S.C. § 2241, the Court does not have jurisdiction to review the pending Petition because Petitioner is not confined in this district.

Accordingly, in the absence of "next friend" standing, the Court will dismiss the Petition

---

[4]There is no indication that Harris is admitted to the practice of law and representing Petitioner as his attorney.

for lack of subject matter jurisdiction.[5] The Court will also dismiss the Petition for lack of jurisdiction under § 2255 and § 2241.[6]

## IV. CERTIFICATE OF APPEALABILITY

To the extent the instant Petition constitutes a § 2255 motion, the Court must decide whether to issue a certificate of appealability. 28 U.S.C. § 2253; See United States v. Cepero, 224 F.3d 256, 265-66 (3d Cir. 2000)("federal prisoner appeals from § 2241 proceedings, however, are not governed by § 2253's certificate of appealability requirement."); 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that it lacks jurisdiction to review the instant Petition. Jurists of reason would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for Emergency Writ of Habeas Corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability.

---

[5]The Court also notes that the instant Petition is the second "Petition for Emergency Writ of Habeas Corpus" Harris has filed in this Court on behalf of Petitioner Barnes. The Honorable Joseph J. Farnan, Jr. dismissed the first petition for lack of jurisdiction on May 18, 2009. See Harris v. Grayer, Civ. Act. No. 09-279-JJF, Mem. Order (D. Del. May 18, 2009).

[6]Given the Court's determination that Harris lacks standing to pursue habeas relief on behalf of Petitioner, the Court declines to transfer the case to a federal court in Georgia because such a transfer would not be in "furtherance of justice." 28 U.S.C. § 2241(d); 28 U.S.C. § 1406(a).

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **JULIUS ROZELL BARNES,** Petitioner, By and Through **LILLIE ROSE HARRIS, Next Friend,** | : : : : : | CIVIL ACTION |
| v. | : : | |
| **UNITED STATES OF AMERICA, and LAUREN GRAYER, Holder of the Key,** | : : : : | |
| Respondents. | : : | NO. 09-428-RK |

## ORDER

AND NOW, this 1st day of July, 2009, in consideration of the Petition For Emergency Writ Of Habeas Corpus filed in the instant matter, it is hereby ORDERED as follows:

(1) the Petition filed by Lillie Rose Harris on behalf of Petitioner Julius Rozell Barnes (D.I. 1), is **DISMISSED**, and the relief requested therein is **DENIED**;

(2) there is no probable cause to issue a certificate of appealability;

(3) the Clerk shall mark this matter as **CLOSED** in this court for all purpose, including statistics.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE

Case 1:09-cv-00428-RK   Document 4   Filed 07/01/09   Page 8 of 8 PageID #: 19